Acklin v. Parker.

## ASSESSMENTS—ESTOPPEL.

[Lucas (6th) Circuit Court, June 8, 1907.]

Haynes, Parker and Wildman, JJ.

GRAFF M. ACKLIN ET AL. V. PETER PARKER, TREAS., ET AL.

1. COUNCIL NOT ESTOPPED BY PRELIMINARY ASSESSMENT PROCEEDINGS.

Council is not estopped from fixing a different proportion in an assessing ordinance, and thus laying a heavier burden on a property owner by reason of the fact that they have declared the proportion they intended to assess upon the abutting property in the original resolution and ordinance declaring the necessity to improve the street, when the property owner has done nothing in reliance upon the declarations in such ordinance and resolution.

[For other cases in point, see 1 Cyc. Dig., "Assessments," §§ 169-195, 300- 308; 6 Cyc. Dig., "Municipal Corporations," §§ 1225-1347.—Ed.]

2. REQUISITES OF ESTOPPEL IN PAIS.

To constitute an estoppel in pais the party claiming such estoppel should have proceeded upon the admission, or declaration, or ·statement, or whatever it may be to his prejudice.

[For other cases in point, see 4 Cyc. Dig., "Estoppel," §§ 264-322.—Ed.]

3. EVIDENCE OF MISTAKE MUST BE CONCLUSIVE.

To establish a mistake in the proceedings of a city council preliminary to the making of an improvement, the proof must be clear and satisfactory.

[For other cases in point, see 4 Cyc. Dig., "Evidence," §§ 3740-3764.—Ed.]

4. INCIDENTAL EXPENSE ITEMS CHARGEABLE IN PAVING ASSESSMENTS.

A charge upon an abutting owner in a paving assessment for removing the water boxes on the street, which were put in by the city, and not by a private person or corporation, is a legitimate item of expense.

[For other cases in point, see 1 Cyc. Dig., "Assessments," §§ 285-298.—Ed.]

[Syllabus approved by the court.]

APPEAL from Lucas common pleas court.

B. A. Hayes, for plaintiff.

O. W. Nelson, for defendant.

PARKER, J.

This is a companion case to the case of *Lippert v. Toledo,* 29 O. C. C. 345, recently decided by this court against the plaintiff, wherein the decision of this court was affirmed by the Supreme Court, without report. For a general statement of the case as well as for the particulars and the views of this court, we refer to that case.

Had the petition of the plaintiff, Acklin, remained unchanged, the cases would be precisely alike; but, after the decision of the Lippert case by this court and its affirmance by the Supreme Court, Mr. Acklin amended his petition by adding three things which he deems material

and as affording him a right of relief notwithstanding the views of the court expressed in the Lippert case.

The amended petition sets forth, in the first place, that the original resolution declaring the necessity to improve the street and the original ordinance determining to proceed with the repaving were duly published and that Mr. Acklin had notice thereof, and therefore the city is estopped from levying the assessments for the repaving upon any other basis—by any other method—than that described in that preliminary legislation. This amendment seems to have been suggested by a remark of the court in delivering the opinion in *Lippert* v. *Toledo, supra,* that there was no element of contract or estoppel in that case; and Mr. Acklin or his counsel, seems to have concluded that they had better have an element of estoppel in this case, if it was possible to get it in. Now we do not find in the averments or in the proofs submitted the essential elements of estoppel *in pais.* It is apparent that what counsel for plaintiff is relying upon is an estoppel *in pais* or equitable estoppel. That there is no estoppel by the record, is determined by *Lippert* v. *Toledo, supra.* A general statement of the doctrine of estoppel *in pais* is found in 11 Am. & Eng. Enc. Law (2 ed.) 421, as follows:

"The most usual application of the doctrine of estoppel *in pais* arises from the misrepresentation or concealment of material facts on the part of the person to be estopped. Thus, it is a well-settled rule of equity which has been adopted by the courts of law that where A has, by his acts or representations, or by his silence when he ought to speak out, intentionally or through culpable negligence induced B to believe certain facts to exist, and B has rightfully acted on this belief, so that he will be prejudiced if A is permitted to deny the existence of such facts, A is conclusively estopped to interpose a denial thereof."

The theory apparently under which plaintiff seeks to make application of this doctrine is, that the city had decided to proceed in a certain way, and that therefore, he having been advised of this declared purpose of the city, it could not change the method of proceeding so as to lay a heavier burden on his property. But one very important element of this doctrine—one element which is necessary to give rise to an estoppel is, that the party claiming it should have proceeded upon the admission, or declaration, or statement, or whatever it may be, to his prejudice; that is to say, so that a change upon the part of the person making the declaration or admission would prejudice the party claiming the estoppel. As stated in this same work, at page 436:

"Another essential element of estoppel by misrepresentation or concealment is, that one party should have relied upon the conduct of the other and been induced by it to act or to refrain from acting so that

### Acklin v. Parker.

he will be substantially injured if the other party should be allowed to repudiate his action. And this rule applies as well where the conduct of the party to be estopped consists of silence as where it consists of positive acts.''

There is no averment and there is no attempt to show that Mr. Acklin changed his position or that he could have changed his position to his prejudice in reliance upon the disclosed purpose of the city; it to have omitted anything in reliance upon that ordinance that should is not asserted that it would have been possible for him to have done or have precluded the city from proceeding as it did to correct the blunder that occurred therein. As was said in the Lippert case, the city proceeded upon its own initiative. No petition was required and no petition was submitted to the council, and we held there—and we were affirmed upon that proposition—that a blunder occurring in the preliminary resolution and ordinance might be corrected in the final assessment. No matter what the council may have said or may have omitted to say, we do not see how the city would have been precluded from correcting that blunder. But here, as I say, it is not averred and there is no attempt made to show that Mr. Acklin did anything or omitted to do anything, in reliance upon the declaration in the preliminary resolution and ordinance. So we find no element of estoppel here.

The second thing added by the way of amendment to the petition is the allegation that there was a mistake on the part of the council in assessing upon the property owners $10,521.47 instead of $306.67; and in support of this our attention is called to a report of the engineer in which he sets forth that the amount to be assessed upon the property owners is $10,521.47; but as to that item he quotes the language of the original resolution and ordinance, which as we construe them, and as we construed them in the Lippert case, would not authorize so heavy an assessment upon the property owners.

We do not think, however, that this discrepancy was the result of a mistake upon the part of the engineer, afterwards followed by the council in the making of the computation, or in setting down the real amount that they desired to assess upon the property owner; but we believe that the mistake occurred earlier than that—it was a mistake in the phraseology of the original resolution and ordinance. It was apparent to us that what the authorities had in mind all the time is the assessment of this larger amount upon the property owners. This mistake in the phraseology of the original resolution and ordinance was afterwards corrected in the final assessing ordinance. That comes very far, we think, from establishing by evidence clear and satisfactory (such as is required in order that a mistake may be found in the pro-

ceedings) that such a mistake was made as he here avers.

Now the third and last thing which was added to the petition by way of amendment whereby it was made to differ from the Lippert case, was the averment that $2,124.91 of the amount assessed was for removing the gas and water boxes upon the street. The paved part of the street was widened—the curb lines were set in nearer to the lots —and that made it necessary to make some changes in the service pipes that conveyed the water to the lots. It turned out that this change for which this charge was made, or this expense was incurred, was in the water boxes only, which are put in by the city, and not by a private person or corporation, and we think that this was a legitimate item of expense which might properly be charged as a part of the expense of the improvement.

The finding and judgment will be against the plaintiff. The petition will be dismissed at the cost of the plaintiff.

**Haynes** and **Wildman, JJ.,** concur.

## EVIDENCE—GIFTS.

[Cuyahoga (8th) Circuit Court, February 17, 1906.]

Marvin. Winch and Henry, JJ.

*JOHN HICKS, ADMINISTRATOR OF THE ESTATE OF ELIZABETH HICKS, V

R. H. HICKS.

1. PROMISSORY NOTE PRESUMES A LOAN.

Where a son executed a note in favor of his mother and paid interest thereon, there is a presumption raised that the money evidenced by the note was received by him as a loan.

2. DECLARATIONS OF PAYEE OF NOTE ADMISSIBLE TO ESTABLISH A GIFT.

But the presumption thus raised may be overcome by evidence as to the intention of the parties at the time of the transaction and thereafter; and in an action by the administrator of the estate of the mother for recovery on such a note, evidence as to declarations made by the mother to third parties, to the effect that she did not intend the money should be treated as a loan, but as an advancement, are admissions against her interest and are admissible; and if the evidence establishes that it was her intention it should be treated as an irrevocable gift, and the son accepted it with that understanding, it must be so regarded, notwithstanding the execution of the note and the payment of interest thereon.

[For other cases in point, see 4 Cyc. Dig., "Evidence," §§ 2212-2370; "Gifts," §§ 68-71, 87, 105.—Ed.]

[Syllabus approved by the court.]

ERROR to the court of common pleas.

*Affirmed, without report. *Hicks* v. *Hicks*. 76 Ohio St. 000: 52 Bull. 132.